UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALAN MCQUEED<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:15-cv-1276-KJN<br><br><br>ORDER |

INTRODUCTION

    Plaintiff James Alan McQueed moves to remand this case for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g) in light of a subsequent favorable disability determination by defendant Commissioner of Social Security ("Commissioner").  (ECF No. 18.)  The Commissioner has opposed the motion, and plaintiff subsequently filed a reply brief.  (ECF Nos. 19, 20.)  After carefully considering the parties' written briefing, the court's record, and the applicable law, the court DENIES plaintiff's motion.

BACKGROUND

    In October 2012, plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), alleging that he had been disabled as of October 31, 2010.  (AT 19.)  After

1

plaintiff's applications were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on September 8, 2014, and at which plaintiff, represented by an attorney, and a vocational expert ("VE") testified. (AT 19, 36-84.) Thereafter, on January 8, 2015, the ALJ issued a decision finding plaintiff not disabled. (AT 19-30.)

In that January 8, 2015 decision, the ALJ found, *inter alia*, that plaintiff suffered from severe impairments, including a left forearm desmoid tumor, but that plaintiff did not meet or equal a Listing, and retained the residual functional capacity ("RFC") to perform a limited range of light work, including additional restrictions involving his left upper extremity. (AT 21, 23-24.) Based on the VE's testimony, the ALJ determined that plaintiff was unable to perform his past work, but could perform other jobs that exist in significant numbers in the national economy. (AT 28-29.) Accordingly, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from October 31, 2010, plaintiff's alleged disability onset date, through January 8, 2015, the date of the ALJ's decision. (AT 30.)

The ALJ's January 8, 2015 decision became the final decision of the Commissioner after the Appeals Council denied plaintiff's request for review on April 15, 2015. (AT 1-3.) On June 5, 2015, plaintiff then filed this action in federal district court to seek judicial review of the Commissioner's final decision. (ECF No. 1.)

During that same time period, plaintiff also filed a new application for disability benefits, alleging an onset date of January 9, 2015. On August 21, 2015, the Commissioner granted that application at the initial level, finding that plaintiff became disabled on January 9, 2015, the day after the date of the previous unfavorable ALJ decision. (ECF No. 18-1.) Based on that subsequent favorable disability determination, plaintiff seeks a sentence six remand, which the Commissioner opposes.

DISCUSSION

Sentence six of section 42 U.S.C. § 405(g) provides, in part, that the court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the

failure to incorporate such evidence into the record in a prior proceeding….” 42 U.S.C. § 405(g). The Ninth Circuit Court of Appeals has held that a sentence six remand is appropriate “where a subsequent, approved disability application had an onset date that was close in time to the denial under review and where it was unclear from the record whether the two decisions were reconcilable.” Nguyen v. Comm'r of Soc. Sec. Admin., 489 Fed. App'x 209, 210 (9th Cir. Dec. 28, 2012) (unpublished) (citing Luna v. Astrue, 623 F.3d 1032, 1034-35 (9th Cir. 2010)).

The parties disagree as to the import of the Ninth Circuit's Luna decision. The Commissioner contends that when the underlying facts and procedural history of Luna are considered, Luna cannot be read to hold that a subsequent favorable decision *by itself*, and without consideration of underlying evidence, necessarily requires a sentence six remand. Plaintiff disagrees. However, the court need not resolve the parties' dispute in this case. Even assuming, without deciding, that a subsequent favorable decision by itself could constitute new and material evidence, remand is not warranted in this case, because the record before the court shows that the two decisions at issue are reconcilable.

In rendering the challenged January 8, 2015 decision in this case, the ALJ had considered plaintiff's medical records through approximately September 4, 2014. (AT 33-35.) Thereafter, on August 4, 2015, as part of the adjudication of plaintiff's second application, state agency physician Dr. George Spellman found that there had been a change in medical circumstances since the ALJ's January 8, 2015 decision, because the medical evidence showed that the desmoid tumor was now persistent (and in fact, progressive) despite antineoplastic therapy, and was affecting function with demonstrable weakness. (ECF No. 19-1.) As such, Dr. Spellman opined that plaintiff met Listing 13.04(B).[1] (Id.) In setting forth his opinion, Dr. Spellman relied on medical records from March 2015 to June 2015, specifically noting that when a March 30, 2015 MRI was compared to an August 27, 2014 MRI, the tumor had increased in size despite prior surgery, chemotherapy, radiation, and medication. (Id.) Therefore, substantial evidence in the record before the court supports the Commissioner's determination that there had been a material

---

[1] Listing 13.04(B) requires a soft tissue sarcoma that is persistent or recurrent following initial anticancer therapy. See 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 13.04(B).

1    change in medical circumstances *after* the ALJ's January 8, 2015 decision.

2         To be sure, at an initial glance, it may seem peculiar that a claimant could be deemed not
3    disabled on one day and disabled the next.  Indeed, in some cases, such findings would be
4    troublingly inconsistent and may require further clarification.  However, in other cases, such as
5    this one, such findings are plainly attributable to harmless administrative expediency, which
6    ultimately worked in the claimant's favor.  Here, Dr. Spellman relied on medical records from
7    March 2015 to June 2015 to support his finding that plaintiff met a Listing.  Instead of parsing out
8    *exactly when* after the ALJ's January 8, 2015 decision plaintiff's condition became disabling
9    (whether in March 2015, April 2015, or May 2015, etc.), it appears that the Commissioner simply
10   generously assessed plaintiff's disability onset date as January 9, 2015, which was the day after
11   the prior unfavorable decision and also the disability onset date alleged by plaintiff in his second
12   application.  While this may have been a somewhat imprecise approach, resulting in the
13   appearance of an inconsistency, such lack of precision ultimately did not prejudice plaintiff.

14        Consequently, the court finds that the two decisions are reconcilable on the record before
15   the court, and no sentence six remand is warranted.

16        Finally, plaintiff suggests that if the court denies his motion for a sentence six remand,
17   plaintiff should be permitted an opportunity to move for a sentence four remand.  In a single
18   sentence in the opening brief, plaintiff contends that "it is evident there are other issues in this
19   case, such as the ALJ's failure to give any reasons for rejecting the consultative psychologist's
20   opinion that Plaintiff would have severe difficulty managing work stress and his failure to order a
21   consultative examination to determine Plaintiff's physical limitations."  (ECF No. 18 at 5-6.)

22        The court declines plaintiff's invitation to give him a second bite at the apple.  The court's
23   scheduling order required plaintiff's brief in support of his motion for summary judgment and/or
24   remand to set forth all of his legal claims along with "argument separately addressing each
25   claimed error."  (ECF No. 7.)  Any request to modify the scheduling order was required to be
26   made by written motion.  (Id.)  Here, no motion to modify the scheduling order was made, and
27   the court never authorized bifurcated briefing as to issues pertaining to sentence four and sentence
28   six remands.  Thus, plaintiff was required to adequately raise and substantively argue all issues in

his opening motion, regardless of the type of relief requested. Indeed, nothing prevented plaintiff from raising alternative arguments as to different types of remand. Instead, plaintiff substantively briefed only the issues pertaining to a sentence six remand, and made only the most cursory of reference to potential issues that may warrant a sentence four remand. Because plaintiff failed to argue those issues with any specificity in his briefing, any such issues are waived. See Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a remand pursuant to sentence six of 42 U.S.C. § 405(g) is DENIED.
2. The final decision of the Commissioner of Social Security is AFFIRMED and judgment is entered for the Commissioner.
3. The Clerk of Court shall close this case.

This order resolves ECF Nos. 18 and 19.

Dated: August 9, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE